UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 04-050

LAMAR TOOKES                                SECTION: R

**ORDER AND REASONS**

Before the Court is petitioner Lamar Tookes' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court DENIES petitioner's motion.

I.   **BACKGROUND**

On July 27, 2004, a jury found Lamar Tookes guilty of conspiracy to import into the United States and possess on board a vessel arriving in the United States more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a), 955, and 963, and possession on board a vessel arriving in the United States more than five kilograms of cocaine, in violation of 21 U.S.C. § 955. (R. Doc. 87). On October 27, 2004, the Court sentenced

Tookes to a total of 125 months imprisonment. (R. Doc. 102). On November 16, 2004, petitioner filed a timely notice of appeal. (R. Doc. 110). On October 7, 2005, the Fifth Circuit Court of Appeals affirmed petitioner's conviction. *See United States v. Tookes*, 150 Fed.Appx. 332, 334 (5th Cir. 2005). Tookes did not petition for a writ of certiorari, and the conviction thus became final on January 7, 2006. Petitioner now moves the Court to vacate, set aside, or correct his sentence under Section 2255. Petitioner asserts two grounds for relief in his motion: (1) ineffective assistance of counsel; and (2) insufficiency of evidence presented at trial.

**II.  DISCUSSION**

   **A.   Timeliness**

   Section 2255 provides as follows:

   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4) the date on which the facts supporting the claim
>    or claims presented could have been discovered
>    through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner filed this motion under Section 2255 on October 10, 2006.  Because this was less than one year after his conviction became final on January 7, 2006, the petition is timely.

### B.   Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, the petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984).  Petitioner must meet both prongs of the *Strickland* test and, if the court finds that petitioner has made an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong.  *See id.* at 697.

With regard to the first prong of the *Strickland* test, the Fifth Circuit has held that trial counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  A district court should not find inadequate representation merely because, with the benefit of

hindsight, the court disagrees with trial counsel's strategic choices.  *Id.*  The Fifth Circuit has made it clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeated the entire trial with obvious unfairness."  *Id.* (citing *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). As to the second *Strickland* prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

With these principles in mind, the Court considers petitioner's allegations of ineffective assistance of his trial counsel.  Tookes bases his allegations of ineffective assistance of counsel on: (1) his attorney's alleged failure to make adequate pre-trial investigations; (2) his attorney's decision not to file a motion for discovery of any tests performed on his shoes; and (3) a denial of his right to testify on his own behalf.  The Court addresses each of these allegations in turn.

*1. Failure to Investigate*

Tookes first claims that he was denied the effective assistance of counsel by his attorney's failure to conduct an adequate pre-trial investigation. (R. Doc. 127-2). It is well-established that an attorney has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland,* 466 U.S. at 691; *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). That being said, a petitioner "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of trial. *Id.; United States v. Goodley*, 183 Fed.Appx. 419, 422-23 (5th Cir. 2006); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). Furthermore, in assessing the reasonableness of an attorney's decision, "a heavy measure of deference must be applied to counsel's judgment." *Green*, 882 F.2d at 1003.

Tookes alleges that his attorney (1) did not investigate travel agencies or cruise ship records to confirm their validity, (2) did not attempt to locate passengers associated with members of the conspiracy from earlier cruises who were not detained due to lack of probable cause, and (3) did not investigate various cell phones that were used during the commission of the conspiracy. (R. Doc. 127-2). Even accepting that petitioner's

attorney chose not to conduct these investigations, petitioner has completely failed to allege with any specificity either what these investigations would have revealed or how the investigations would have altered the outcome of the trial. Given these failures, as well as the heavy deference afforded to counsel's investigative decisions, the Court finds that Tookes has not satisfied the *Strickland* standard as to his attorney's alleged failure to investigate.

2.   *Failure to File Motion for Discovery*

Tookes next alleges that his attorney failed to file a motion for discovery of any test results performed on his shoes, which were confiscated by the government while petitioner was in custody. (R. Doc. 127-2). Once again, applying the standard for a "failure to investigate" claim, the Court finds that Tookes has failed to allege with any specificity either what discovery of the results of tests performed on his shoes would have revealed or how the test results would have altered the outcome of the trial. For this reason, the Court finds that Tookes has not met the *Strickland* standard regarding his claim of failure to file a motion for discovery.

3.   *Failure to Call Defendant to Testify*

When a defendant argues that his counsel interfered with his right to testify, "[t]he appropriate vehicle for such claims is a

claim of ineffective assistance of counsel" under *Strickland*. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Under the *Strickland* standard, "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir.2002). Nevertheless, "it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice." *Id.* Should a court find that a defendant's attorney acted deficiently by overriding his client's wish to testify, the court must conduct a separate inquiry into whether this deficiency resulted in prejudice to the defendant. *See id.* at 456. This second inquiry, effectively the second prong of the *Strickland* test, must yield a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (citing *Strickland*, 466 U.S. at 687, 694-95).

Tookes alleges that "[c]ounsel prevented appellant from testifying at trial, even though appellant was only witness counsel had access to who could refute government's theory." (R.

7

Doc. 127-2). Tookes offers no other details or allegations that illuminate how the decision for him not to testify was made. Tookes makes no allegation that either he insisted to his attorney that he wanted to testify and was denied that right or that his attorney's strategic decision was unreasonable. Moreover, Tookes does not provide the Court with any indication as to what his testimony might have been had he testified. *See Sayre*, 238 F.3d at 635. Finally, Tookes does not address the reasonableness of the countervailing tactical reasons that his attorney might have had for declining to call him to the stand. *See Willis*, 273 F.3d at 599.

The Court finds that these omissions are dispositive of this claim. Absent any evidence that petitioner's attorney thwarted petitioner's decision to testify or that this decision was unreasonable, and in light of the substantial deference afforded the attorney's strategic decision, Tookes cannot satisfy the first prong of the *Strickland* test. As such, the Court need not address the second prong of the *Strickland* test.

### C. Insufficiency of the Evidence

Tookes next contends that the evidence presented at trial was insufficient to support a finding of guilt by a rational trier of fact. The Fifth Circuit has already addressed this claim and determined that the evidence was sufficient for a

rational trier of fact to find guilt. *Tookes*, 150 Fed.Appx. at 334 ("After reviewing the record, we conclude that the foregoing evidence, albeit circumstantial, is stronger than that presented in *DeSimone* and other cases in which we have determined that there was no evidence from which the jury could infer that the defendant knew of and participated in the conspiracy."). A district court need not consider issues raised and disposed of on direct appeal from an original judgment of conviction. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), *cert. denied*, 476 U.S. 1118 (1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."); *see also United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Webster*, 421 F.3d 308, 310 (5th Cir. 2005). Tookes' claim of insufficiency of the evidence is therefore barred from collateral review and must be dismissed.

**III. CONCLUSION**

    For the foregoing reasons, the Court DENIES petitioner's Section 2255 motion to vacate, set aside, or correct the sentence, and his application for post-conviction relief must be dismissed with prejudice.

New Orleans, Louisiana, this 17th day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE